UNITED STATES of America,
Plaintiff-Appellee.

v.

Milton MARGOLES, Defendant-
Appellant.

No. 13198.

United States Court of Appeals
Seventh Circuit.

June 29, 1961.

Rehearing Denied Sept. 7, 1961.

Charles A. Bellows and Jason Ernest Bellows, Chicago, Ill., Sherman C. Magidson, Chicago, Ill., of counsel, for defendant-appellant.

James B. Brennan, U. S. Atty., Matthew M. Corry, Asst. U. S. Atty., Edward G. Minor, U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Milton Margoles, defendant-appellant, was tried on two indictments consolidated for jury trial. Defendant was acquitted on the first indictment which contained but one count and charged defendant violated 18 U.S.C.A. § 206 by indirectly offering a thing of value to a judge of a United States Court with intent to influence the judge's decision in a pending matter. The jury returned a verdict of guilty on both counts of the second indictment which charged (Count I) defendant corruptly endeavored to influence an officer in and of a United States Court in the discharge of his duty, and (Count II) that defendant corruptly endeavored to influence, obstruct or impede the due administration of justice, in violation of 18 U.S.C.A. § 1503. Defendant was sen-

tenced for a term of five years on each count to run concurrently, but consecutive to a one-year sentence previously imposed for violations of the Internal Revenue Laws, and fined $5,000. Defendant appealed.

It is conceded that defendant turned over a $5,000 United States Treasury Bond to one Villmow for delivery to Hon. Robert E. Tehan, senior judge of the United States District Court for the Eastern District of Wisconsin, with the intent and purpose of endeavoring to influence Judge Tehan to suspend the one-year sentence [1] he had imposed on defendant following a *nolo contendere* plea to an indictment charging criminal violations of the Internal Revenue Laws.

The issues presented by defendant's appeal are:

(1) Whether the record required a finding of entrapment as a matter of law.

(2) Whether the court erred in denying defendant's motion for acquittal based on inconsistent verdicts.

(3) Whether the indictment on which defendant was convicted charges acts which constitute a violation of 18 U.S. C.A. § 1503.

■ Defendant was sentenced June 3, 1960 for the Internal Revenue Laws violations and granted a stay of execution for a period of ninety days. The court had jurisdiction for a period of sixty days to reduce the sentence. Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A. It appears that prior to their telephone conversations and meetings between July 4 and July 12, 1960, Margoles and Villmow had not been acquainted. A mutual acquaintance, Pikofsky, who was friendly toward each, afforded the link which brought the defendant and Villmow together—separate conversations Pikofsky had with each. The testimony contains conflicts as to who initiated the proposal which culminated in the delivery of the $5,000 bond on July 12, to be turned over to Judge Tehan

for the purpose of obtaining a suspended sentence. But there is evidence from which the jury properly could have concluded that Pikofsky suggested to Villmow on June 28, that Villmow utilize his friendship with Judge Tehan's son to see if something couldn't be done for Margoles—and that there would be financial reward for Villmow. And, that Villmow, after disclosing this to Judge Tehan, and following the instructions of FBI agents who were called in on the matter, did nothing to further developments and refrained from contacting the defendant until July 5, when after being urged by Pikofsky to telephone Margoles, who, Pikofsky said, wanted to talk with Villmow, he telephoned Margoles and under instruction of the agents merely arranged to meet with Margoles at a site selected by the agents, and that the overtures which followed concerning the payment of money to the judge's son, or to the judge through his son, in return for a suspended sentence, were made by the defendant.

We have carefully reviewed the record and conclude that we cannot say that the facts establish entrapment as a matter of law. That the case presents a substantial question of fact on this issue is not enough—the factual issue was properly considered and resolved by the jury. United States v. Stocker, 7 Cir., 273 F.2d 754, certiorari denied 362 U.S. 963, 80 S. Ct. 879, 4 L.Ed.2d 878; Hattem v. United States, 9 Cir., 283 F.2d 339. There was testimony from which the jury could conclude that the criminal design did not originate with the officials of the government or others—but with the defendant. Defendant's reliance upon Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 and Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L. Ed.2d 848, is misplaced.

■■ Defendant's contention that inconsistency between the verdicts on the two indictments requires a reversal is not persuasive. Consistency in verdicts is

---

**373**

not necessary. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356. Defendant argues that this general rule is not applicable to the instant case because the jury must have acquitted defendant on the first indictment because it concluded that he was entrapped. But this is sheer speculation. The jury's action may have been prompted by leniency or other factors (Cf. United States v. Maybury, 2 Cir., 274 F.2d 899, 902) or by its conception of the difference in the elements embodied in each offense and determination that there was a lack of proof of some factor requisite to establish the offense charged in the first indictment. In any event the "why" of jury action is a subjective element but the propriety of that action is to be tested by objective factors considered in the light of controlling legal principles.

The issue as to whether the indictment under which defendant was convicted charges acts which constitute a violation of 18 U.S.C.A. § 1503 is premised on defendant's contention that a judge of a United States District Court is not an "officer in or of any court of the United States" within the meaning of that language as used in § 1503. We have considered the historical derivation of the section and related provisions, the inferences defendant seeks to draw therefrom, as well as the other arguments advanced by defendant, but find them unconvincing. We perceive no reason why Congress would have intended to exclude a corrupt endeavor to influence the judge from the scope of § 1503 and rely upon the more limited sphere of the contempt section (18 U.S.C.A. § 401) to reach such offenses. And, a district judge is a judicial officer of the United States and as such an officer indispensable to the court's performance of its judicial functions. We are of the opinion that the judge is an "officer in or of" the court within the meaning of § 1503.

Moreover, the infirmity urged as to Count I does not affect the separate offense charged in Count II which is not dependent upon the status of the judge as an "officer in or of" the court. Count II charges a violation of § 1503 by a corrupt endeavor to influence, obstruct or impede the administration of justice. The sentences imposed were concurrent and although a fine of $5,000 was assessed on each count the judgment limited the total fine to $5,000. And, it is settled that where one count of an indictment is sustained, it becomes unnecessary to consider any other on which the sentence is concurrent. United States v. Cioffi, 2 Cir., 253 F.2d 494, 496.

The judgment order of the District Court is affirmed.

Affirmed.