**Anibal MARIN, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 18573.

United States Court of Appeals
Ninth Circuit.

Oct. 31, 1963.

Frank C. Morales, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and David R. Nissen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL and KOELSCH, Circuit Judges, and BOWEN, District Judge.

BOWEN, District Judge.

This case began in the Trial Court with the return of the grand jury's indictment in four counts, the first two of which were upon the Government's motion dismissed before trial.

As to the remaining Counts 3 and 4, the appellant, Anibal Marin, Jr., pleaded not guilty and was tried, convicted by a jury and sentenced by the Trial Court to five years imprisonment on each of those Counts 3 and 4 with concurrent execution of sentences. Count 3 charged the appellant with unlawfully selling to a named narcotics agent and facilitating the sale of heroin, a narcotic drug, which as appellant well knew had been imported into the United States contrary to law.

Count 4 charged the appellant with having unlawfully received, concealed and facilitated the concealment and transportation of the same narcotic drug which as appellant well knew had been imported into the United States contrary to law.

From those sentences appellant now brings this appeal saying that the only question on appeal is whether appellant was unlawfully entrapped by an agent or special employee of the appellee United States respecting appellant's doing the things charged against him in the indictment. In that connection, appellant more specifically contends (1) that such defense of unlawful entrapment was established as a matter of law, and that the Trial Court erred in denying appellant's motion for acquittal at the close of all the evidence, and (2) that the Trial Court erred in denying appellant's motion for a new trial because the jury did not understand appellant's defense of unlawful entrapment as indicated by their questions addressed to the Trial Judge during the jury's deliberations and the Trial Court improperly instructed the jury respecting unlawful entrapment, and because, as appellant further contends, the appellee's witness, a federal narcotics agent, was impeached.

The Trial Court had jurisdiction under Title 18 U.S.C. § 3231 and Title 21 U.S.C. §§ 173 and 174. This Court has jurisdiction under Title 28 U.S.C. §§ 1291 and 1294.

Appellant in his brief admits that he was a narcotics addict at the time of the alleged offenses and had a previous narcotics law conviction, but appellee contends that at that time appellant was only an occasional narcotics user and not an addict. In his activities here, appellant freely used the jargon of the narcotics trade, and in order to escape detection significantly directed over a devious route the operation of the automobile used to make the narcotics sale, thereby indicating his familiarity with that business. He testified that the narcotics agent had visited his home several times and tried to get him to sell the

agent narcotics, both of which facts were denied by that agent.

The agent testified that he and a special employee of the Narcotics Bureau first met appellant at a pastrami stand and that appellant sold them narcotics on that occasion, that later the agent met appellant at the same place when appellant obtained the agent's telephone number, and that thereafter appellant telephoned the agent at his apartment and said he had been trying to contact the agent for three days and that his narcotics supplier was then with him and that the agent could come over and pick up a half ounce of heroin for $150.

According to the agent's testimony, he later, on September 7, 1962, contacted appellant, paid him that sum of money and received from appellant the heroin less a portion which appellant said he had kept as his commission because he was not making any money out of the sale, and the agent, saying to appellant "Well, if that is the way it is, I guess it's okay", permitted appellant to keep that "commission", but the agent denied his making any such commission agreement before the sale. The agent also testified in effect that upon completing the September 7th sale, the appellant said "Well, I'll call you tomorrow. How much more do you want?" and then walked away.

The agent gave further testimony in effect: That the next day, September 8, 1962, appellant again telephoned the agent and said "I'm ready, come on over", and that he could sell the agent two ounces of heroin for $300 per ounce, that the agent with $600 then met appellant at the same pastrami stand where appellant asked him for the $600, but that the agent gave him only $300, and told him to bring back one ounce and that after that was done the agent would give appellant another $300 for the second ounce, and that appellant instead left with the first $300 and did not contact the agent again. Appellant was arrested October 12, 1962. The above mentioned addiction, record and dealings of appellant and the transactions between appellant and the agent with the other evidence in the case were submitted to the jury.

■■ From the foregoing it appears that there is a conflict in the evidence as to whether appellant was unlawfully entrapped into selling the narcotics in question. The evidence was full of credibility factors and questions as to what inferences are to be drawn from conflicting evidence. In that situation appellant was not entitled to have the Trial Court instruct the jury or to otherwise rule that there was here entrapment as a matter of law. In that connection, the most that appellant was entitled to was to have the entrapment issue, a factual one in dispute under the evidence, submitted to the jury with the Trial Court's proper instruction as to unlawful entrapment. United States v. Margoles, 294 F. 2d 371 (7 Cir., 1961), cert. den. 368 U.S. 930, 82 S.Ct. 367, 7 L.Ed.2d 193; Hattem v. United States, 283 F.2d 339 (9 Cir., 1960), cert. den. 365 U.S. 812, 81 S.Ct. 694, 5 L.Ed.2d 692. That was done in this case.

■ We do not agree with appellant's contention that the jury did not understand his defense of unlawful entrapment merely because the jury asked questions of the Trial Judge during the period of the jury's deliberations. The record discloses no fact or circumstance indicating that the jury did not understand the Court's instructions after their questions were with counsel's approval as to form and substance answered by the Trial Judge.

■ We reject appellant's contention that the Trial Court erred in its instruction on unlawful entrapment. On that question, that Court correctly instructed the jury on entrapment in harmony with the applicable principles as announced by the Supreme Court in Sorrells v. United States, 287 U.S. 435, 442, 53 S.Ct. 210, 212, 77 L.Ed. 413, which held that entrapment occurs

"* * * when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the dis-

position to commit the alleged offense and induce its commission in order that they may prosecute",

and in Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 820, 2 L.Ed. 2d 848 ruling that

" * * * the fact that government agents 'merely afford opportunities or facilities for the commission of the offense does not' constitute entrapment. Entrapment occurs only when the criminal conduct was 'the product of the *creative* activity' of law enforcement officials".

■■ Appellant's contention that the federal narcotics agent was impeached rests mainly, if not only, for its support upon the conflicts between the appellant's and the agent's testimony and between the statement made by appellee's counsel, not the agent, in appellee's trial memorandum and the agent's testimony, as to whether there was an agreement to pay appellant commissions on the narcotics transactions. The Trial Court correctly ruled in effect that the agent was not, on the question of his impeachment, bound by the statement of appellee's counsel as to whether the agent had in fact made the commissions agreement. The question as to such impeachment was, therefore, properly left for the jury to decide upon the remaining conflicting evidence as to whether the agent or the appellant was telling the truth. We disagree with appellant's contentions respecting the agent's impeachment.

■ The case was by the Trial Court properly submitted to the jury with complete and correct instructions. The jury lawfully found and returned its verdict of guilty. That verdict is supported by sufficient credible evidence which, if believed as it obviously was by the jury, gives ample legal support to the verdict. It is a lawful verdict.

All of appellant's error assignments are rejected. The judgment and sentences are correct and lawful.

Affirmed.