**In the Matter of Gary Winston McCANN and Ellen May McCann, Bankrupts.**

Nos. 22168–B–2 and 22169–B–2.

United States District Court,
D. Kansas.

Jan. 10, 1975.

Hal H. Lockett, Wichita, Kan., for bankrupts.

James R. Barr, Wichita, Kan., Trustee appointed by Bankruptcy Judge.

DECISION ON APPEAL OF ORDER ON DISCHARGEABILITY COMPLAINT OF CREDITOR G. A. C. FINANCE CORPORATION

WESLEY E. BROWN, Chief Judge.

The creditor, G.A.C. Finance Corporation has appealed an Order of the Bankruptcy Judge entered in this action on August 6, 1974, determining that the indebtedness of the bankrupts to G.A.C. was a dischargeable obligation at the time of bankruptcy.

The files and records reflect that Ellen and Gary McCann were adjudged bankrupts upon filing of a voluntary petition on February 29, 1972. Among their scheduled debts was an obligation to G.A.C. Finance Corporation in the amount of $2,088.00 covered by a 1971 mortgage on household goods and a motorcycle.

On March 1, 1972, G.A.C. filed proof of claim in that amount, together with copy of note and financing statement dated November 8, 1971. The first meeting of creditors was scheduled for March 16, 1972.

On May 12, 1972 the bankruptcy action was dismissed without prejudice by the Referee for failure to pay the filing fee.

On May 9, 1973, upon petition of bankrupts, they were allowed to reinstate the bankruptcy previously filed, and an amended petition and schedules were thereafter filed by the McCanns. The amended schedule listed the obligation to G.A.C. in the sum of $2,084.19.

It further appears from the record, and as found by the Bankruptcy Judge, that on April 10, 1972, without notice to the Bankruptcy Court or the trustee, G.A.C. obtained a new note from bankrupts which was reduced to judgment in state court on May 6, 1973, in the sum of $2,084.19.

On November 5, 1973, G.A.C. filed an application for a determination that the debt be determined non-dischargeable. As grounds therefore, the application stated:

"2. That more specifically, Section 17(a) of the Federal Bankruptcy Act provides that 'A discharge in bankruptcy shall release the bankrupt from all of his provable debts . . .. .'; *that the indebtedness of the bankrupts to the petitioner and plaintiff herein was not a provable debt at the time the bankruptcy was filed* and therefore not subject to discharge in that bankruptcy. . . ." [Emphasis supplied.]

As noted by the Bankruptcy Judge, G.A.C. did not rely on any exceptions contained in subsections to Section 17(a) of the Act,[1] but rather asserted non-dischargeability on the ground that its debt was not "provable", and therefore not subject to discharge. This was the manner in which the issue was submitted to the Bankruptcy Court at pre-trial conference, and the Court notes that the attorney for G.A.C. did not appear at that conference. The Bankruptcy Judge expressly declined to receive evidence concerning post-bankruptcy transactions within the framework of the creditor's petition concerning non-dischargeability. [Transcript, Proceedings 1/8/74, Item 30, Record on Appeal]

After review of the record before us, the Court concludes that the Bankruptcy Judge properly limited the issue to the question of non-dischargeability under § 17a, and likewise properly found that the debt listed in the initial schedule and the amended schedule, both relating to the 1971 promissory note was a fixed liability, evidenced by the note, and thus clearly provable.

We agree with the comment of the Bankruptcy Court that in this instance the creditor has mistaken its remedy. An assertion that a dischargeable debt has been revived by a post-bankruptcy promise should be raised by a request for relief from the injunction against creditors issued under Section 14f(2) of the Act, 11 U.S.C.A. § 32(f)(2). As noted in the findings of the Bankruptcy Judge, this is a separate adversary proceeding under Bankruptcy Rule No. 701.[2]

The Judgment of the Bankruptcy Court upon the Dischargeability Complaint filed on November 5, 1973 by the creditor G.A.C. Finance Corporation is affirmed, and this action is remanded to the Bankruptcy Court for such further proceedings as may be appropriate.

---

1. Exceptions contained in subparagraph 1–8 of § 17(a) of the Act, 11 U.S.C.A. § 35, pertain to; taxes; money obtained by false representations concerning financial condition; those not scheduled in time for proof and allowance; debts created by fraud or embezzlement; wages; alimony and child support; or liabilities for wilful injury.

2. Part VII of the Bankruptcy Rules specifically governs adversary proceedings which may be instituted by a party separately to: 1) recover money or property; 2) to determine priority of liens; 3) to sell property free of lien; 4) to object to or revoke a discharge; 5) to obtain an injunction; 6) to obtain relief from a stay; or 7) to determine dischargeability of a debt. Each such proceeding is determined to be an "adversary proceeding." Rule 701, 1974 Bankruptcy Rules.