PER CURIAM:
The sole question on this appeal is one of law: does the jurisdiction of a bankruptcy court extend to the adjudication of the question of the reaffirmation by the bankrupt of a discharged debt? We are clear that the answer is “no.”[1]
The statutory provision which the district court thought conferred jurisdiction constitutes one of the 1970 amendments to the Bankruptcy Act (Pub.Law 91 — 467, 84 Stat. 990, October 19, 1970) and reads as follows: “The bankrupt or any creditor may file an application with the [bankruptcy] court for the determination of the dischargeability of any debt.” Section 17(c)(1); 11 U.S.C. § 35(c)(1).
The provision, read literally, is wholly unrelated to the question at hand. It speaks of “dischargeability,” not of reaffirmation. The two terms themselves are wholly unrelated, and the genesis and legislative history of the 1970 amendatory provisions manifest that Congress did not merge the two and thereby extend the jurisdiction of the bankruptcy court to both areas.
Thus, it appears that prior to 1970, the function of the bankruptcy court was simply to determine whether or not the bankrupt was entitled to an adjudication and, if so, to enter a decree discharging him generally from all his provable debts. Questions of the effect of the decree on specific debts —whether, for example, an obligation was within the general statutory language and hence could no longer be judicially enforced or lay within one of the many statutory exceptions of section 17(a) (11 U.S.C. § 35(a)) — were left for determination by non-bankruptcy courts in actions by creditors seeking to enforce their claims.[2] 1A Collier on Bankruptcy K 17.28 (14th ed.).
The legislative history indicates that in amending section 17 of the Act to permit bankruptcy courts to adjudicate specific questions of dischargeability, Congress intended to consolidate the adjudication of all questions respecting the effect of a bankruptcy discharge in a single forum, the bankruptcy court itself, thereby reducing *539 the opportunities for creditor abuse by means of collateral proceedings in state courts and enhancing the integrity of the discharge. Representative Rogers, one of the House sponsors of the amendments, stated that
“the purpose of the proposed legislation is to effectuate more fully the discharge in bankruptcy by rendering it less subject to abuse by harassing creditors. Under present law creditors are permitted to bring suit in State courts after a discharge in bankruptcy has been granted and many do so in the hope the debtor will not appear in that action, relying to his detriment upon the discharge. Often the debtor in fact does not appear because of such misplaced reliance, or an inability to retain an attorney due to lack of funds, or because he was not properly served. As a result, a default judgment is taken against him and his wages or property may again be subjected to garnishment or levy. . . . The proposed legislation is meant to correct this abuse.” 116 Cong.Ree. 34818 (1970). See also S.Rep.No. 91-1173, 91st Cong., 2d Sess. 2 (1970).[3]
Since neither the literal text of section 17(c)(1), as amended, nor its legislative history manifest any intention on the part of Congress to extend the jurisdiction of bankruptcy courts to encompass questions of the reaffirmation of discharged debts by post-petition acts of the bankrupt and since the jurisdiction of bankruptcy courts is solely a creature of statute,[4] we conclude that section 17(c)(1) of the Act does not confer jurisdiction on bankruptcy courts to determine whether post-discharge acts of the bankrupt effect a revival or reaffirmation of a previously discharged debt.[5] The judgment of the district court is reversed, and the cause is remanded with instructions to dismiss the action for lack of jurisdiction.
Reversed and remanded.

. The jurisdictional question is evidently one of first impression. The appellees-bankrupts filed a complaint before the bankruptcy court seeking a determination that certain post-discharge acts allegedly reaffirming a prebankruptcy obligation owed to appellants were without effect. In denying appellants’ motion to dismiss for lack of jurisdiction, the bankruptcy judge relied on In re Ratliff, 1 Bank.Ct.Dec. 89 (D.C.Iowa 1974) . The district court affirmed without opinion.
Neither Ratliff nor In re Pittman, 2 Bank.Ct. Dec. 607 (D.C.D.C.1976), also cited in support of appellees’ position, considered the jurisdictional question before us. See also In re Thompson, 416 F.Supp. 991 (S.D.Tex.1976), and In re McCann, 387 F.Supp. 416 (D.C.Kan. 1975) .

. The rule that, prior to the 1970 amendments to the Act, the effect of a discharge in bankruptcy on the enforceability of particular debts *539 was a question to be determined by the court in which an action was brought on the debt was confirmed by the Supreme Court’s holding in Local Loan Co. v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934), that “under unusual circumstances” a bankruptcy court could exercise its equitable jurisdiction to enjoin a creditor from prosecuting a claim against a bankrupt in state court. 292 U.S. at 241, 54 S.Ct. 695. Prior to 1970, the exception countenanced in Local Loan remained a narrow one. See Hilton Credit Corp. v. Jaggli, 366 F.2d 793 (9th Cir. 1966).

. It is also significant that the draftsmen of the proposed amendment to section 17 explicitly disclaimed any intention to “affect in any way a bankrupt’s obligation upon a discharged debt which is subsequently revived by a new promise.” S.Rep.No.91-1173, supra at 11. See also Countryman, The New Dischargeability Law, 45 American Bankruptcy Law Journal 1, 23-24 (1971).

. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 430, 44 S.Ct. 396, 68 L.Ed. 770 (1924); O’Dell v. United States, 326 F.2d 451, 455 (10th Cir. 1964); Kaplan v. Guttman, 217 F.2d 481, 483 n. 3 (9th Cir. 1954); Evarts v. Eloy Gin Corp., 204 F.2d 712, 715 (9th Cir. 1953), cert. denied, 346 U.S. 876, 74 S.Ct. 129, 98 L.Ed. 384 (1953); 8 Collier on Bankruptcy, 3.01 (14th ed.).

. Questions of revival by reaffirmation or waiver raised by a bankrupt's post-petition conduct are thus matters of state law to be resolved in a creditor’s suit on the alleged obligation in state court.