UNITED STATES of America, Plaintiff,

v.

James Edward GRAY, Defendant.

No. CR 85–20–BU–CCL.

United States District Court,
D. Montana,
Butte Division.

May 2, 1986.

Carl Rostad, Asst. U.S. Atty., Great Falls, Mont., for plaintiff.

James E. Purcell, Butte, Mont., for defendant.

### MEMORANDUM AND ORDER

LOVELL, District Judge.

Defendant James Edward Gray was tried before a jury on March 24, 1986 and convicted of knowingly and willfully threatening to murder a United States district judge with the intent to intimidate or retaliate against such judicial officer on account of the performance of his official duties.

18 U.S.C. § 115(a). Defendant subsequently filed a timely motion renewing his motion for judgment of acquittal which he made at the commencement of trial, immediately following impaneling of the jury. Rule 29, Fed.R.Crim.P. The pending motion does not appear to challenge the sufficiency of the evidence. Rather, defendant contends the indictment filed against him does not charge an offense. The motion will be treated as a motion for arrest of judgment. Rule 34, Fed.R.Crim.P.

The indictment charges:

"That on or about the 12th day of August 1985, at Deer Lodge, in the state and District of Montana, James Edward Gray did knowingly and willfully threaten to murder the Honorable Paul G. Hatfield, a duly appointed United States District Judge for the District of Montana, with intent to intimidate or retaliate against Judge Hatfield on account of the performance of his official duties, in violation of Title 18 U.S.C. § 115(a)." [1]

As he did at the time of trial, defendant argues he was indicted under the wrong section of the federal criminal code. Defendant interprets the statute as making it a crime to threaten *only* family members of federal officials, not the federal officials themselves. Defendant contends he should have been charged, if at all, under 18 U.S.C. § 1114, which makes it a federal crime to kill or attempt to kill any one of several specified federal officers and employees, including federal judges.

I have been unable to locate any prior case law construing the recently-enacted § 115, and this issue is one of first impression.

My analysis begins, therefore, with an examination of the relevant statutes. Section 115 was added to Title 18 as part of the Comprehensive Crime Control Act of 1984. Pub.L. 98–473, 98 Stat. 2140. Since the Act contains no effective date, it is clear that it became effective on October

---

1. While the evidence adduced at trial—primarily a letter written and mailed by defendant or caused by him to have been so communicated—included threats to Judge Hatfield's family and neighbors, the indictment is based solely on the threat to Judge Hatfield himself. The sufficiency of the indictment must be determined on that basis.

12, 1984, the date of enactment. *See United States v. Clizer*, 464 F.2d 121 (9th Cir. 1972), *cert. denied*, 409 U.S. 1086, 93 S.Ct. 697, 34 L.Ed.2d 673. Section 115 provides in part:

"Whoever assaults, kidnaps, or murders, or attempts to kidnap or murder, or threatens to assault, kidnap or murder a member of the immediate family of a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under 18 U.S.C. § 1114, as amended, with intent to impede, intimidate, interfere with, or retaliate against such official, judge or law enforcement officer while he is engaged in or on account of the performance of his official duties, shall be punished as provided in subsection (b)."

18 U.S.C. § 115(a).

Section 1114 provides in part:

"Whoever kills or attempts to kill any judge of the United States, ... shall be punished as provided under Sections 1111 and 1112 of this title, except that any such person who is found guilty of attempted murder shall be imprisoned for not more than twenty years."

18 U.S.C. § 1114 (omitting this list of other protected federal officials and employees).

Defendant's contention that he should have been charged, if at all, under 18 U.S.C. § 1114 is without merit. That statute expressly is limited to situations involving murder and attempted murder. Section 1114 is not intended to provide coverage over the conveyance of threats to the federal officials and employees enumerated therein, and does not make such conduct a crime. The argument advanced by defendant as to the scope of Section 1114 has never, to the Court's knowledge, been adopted by any federal court.

■■■ I turn, therefore, to consideration of the recently-enacted Section 115. In construing a statute, the Court's objective is to ascertain the intent of Congress and to give effect to the legislative will. *Moorhead v. United States*, 774 F.2d 936 (9th Cir.1985). In determining Congress' intent

in enacting a statute, I am duty bound to consider the time and circumstances surrounding enactment as well as the object to be accomplished by it. *Lewis v. Hegstrom*, 767 F.2d 1371 (9th Cir.1985). The rule of strict construction of criminal statutes does not permit the Court to ignore the evident purpose of enactment. *United States v. Hogue*, 752 F.2d 1503 (9th Cir.1985).

■■■ There is a principle of statutory construction known as the "rule of lenity." Such rule operates in favor of criminal defendants in cases where the applicable statutory provisions are ambiguous. The rule of lenity comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers. *Russello v. United States*, 464 U.S. 16, 29, 104 S.Ct. 296, 311, 78 L.Ed.2d 17 (1983). The rule of lenity can tip the balance in favor of a criminal defendant only where, exclusive of the rule, a penal statute's language, structure, purpose and legislative history leave its meaning genuinely in doubt. *United States v. Otherson*, 637 F.2d 1276 (9th Cir. 1980), *cert. denied*, 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123. The rule of lenity does not require the courts to give criminal statutes their narrowest possible interpretation. *Id.*

■■■ Section 115 makes it a federal crime to threaten to murder "a member of the immediate family of a United States official, a United States judge, a Federal law enforcement officer, *or an official whose killing would be a crime under 18 U.S.C. § 1114.*" 18 U.S.C. § 115(a) (emphasis supplied). In the Court's opinion, the material emphasized above must be read in the disjunctive in order to logically interpret Section 115. It is illogical to conclude that Congress intended to prohibit threats to family members of federal officials with intent to intimidate or retaliate against such officials, but did not intend to prevent similar threats directed to the federal officials themselves. The legislative history of Section 115 reflects a congressional judg-

ment to deter crimes which may be motivated by a desire to interfere with the performance of duties governed by federal law and policy. This goal is best served by the Court's construction of the statute as covering threats made to federal officials themselves.

The statute in question also reflects the volatile time in which we live. Federal officials may be subject to acts of terrorism and violence, to themselves and to members of their families, simply because of the positions they hold in our government. Defendant's interpretation of Section 115, precluding coverage of threats communicated to federal officials themselves, does not take into account the time and circumstances surrounding enactment of the legislation.

It is not necessary for me to decide whether the language of the statute is broad enough so that a United States judge or other federal official should be deemed a member of his or her own "immediate family." 18 U.S.C. § 115(c)(2). Given the language of the statute itself, its evident purpose, and the time and circumstances surrounding its enactment, the Court determines that the indictment on file herein properly charged defendant with a federal criminal offense. Defendant's motion in arrest of judgment, therefore, must fail.

Since the pending motion is styled as one for judgment of acquittal, I briefly will address the sufficiency of the evidence. It is well settled that a trial court does not have unlimited discretion in resolving Rule 29(c) motions. *See,* e.g., *United States v. Dreitzler,* 577 F.2d 539 (9th Cir.1978), *cert. denied,* 440 U.S. 921, 99 S.Ct. 1246, 59 L.Ed.2d 473; *United States v. Dior,* 671 F.2d 351 (9th Cir.1982). The test for determining a motion for judgment of acquittal is whether at the time of such motion there is relevant evidence from which the jury could reasonably find defendant guilty beyond reasonable doubt, viewing the evidence in the light most favorable to the

government. *Dreitzler,* 577 F.2d at 545. In resolving the pending motion, I bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts. *Id.*

The evidence reveals that defendant is an inmate of the Montana State Prison at Deer Lodge. On August 13, 1985, Judge Hatfield's office received a letter bearing defendant's name and the prison's return address. The letter contained threats to murder the judge, the members of his family and his neighbors. The letter specifically states in part: "You made me lose my family, you separated me from my loved ones and friends. You took the State's side on my lawsuits and you know I had two good cases you dismissed." The evidence included certified copies of orders by Judge Hatfield dismissing actions brought by defendant.[2] Federal Bureau of Investigation Agent Michael Brooks, who interviewed defendant at the prison on October 24, 1985, testified that defendant admitted writing the letter at issue. An FBI handwriting analysis to determine whether defendant wrote the letter was inconclusive.

Viewing the evidence in the light most favorable to the government, there is ample evidence from which the jury reasonably could find defendant guilty of the offense charged.

For the reasons stated above,

IT IS ORDERED that defendant's motion for judgment of acquittal, also treated as a motion for arrest of judgment, is DENIED.

(D.Mont. September 5, 1984).

---

**2.** *Gray v. Risley,* CV 83–43–GF (D.Mont. September 5, 1984); *Gray v. Risley,* CV 83–86–GF