**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Edward GRAY,
Defendant-Appellant.**

**No. 86–3085.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1986.

Decided Feb. 3, 1987.

G. Curtis Drake, Helena, Mont. for defendant-appellant.

Byron H. Dunbar, U.S. Atty., and Carl E. Rostad, Asst. U.S. Atty., Great Falls, Mont., for plaintiff-appellee.

Before ANDERSON, HUG and CANBY, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

James Edward Gray ("Gray") appeals his judgment of conviction for threatening to kill a federal district judge. Gray specifically appeals from the district court's denial of his motion to dismiss; his motion for acquittal; and his motion for arrest of judgment. Gray contends that the indictment filed against him was fatally deficient because threatening to kill a federal judge is not an offense under the statute cited in the indictment, 18 U.S.C. § 115.

I. FACTS

United States District Judge Paul G. Hatfield received in his office mail a letter threatening his family and his own life. The letter read in part, "I am going to kill

you, but before I kill you, I am going to kill your family one by one in front of you." The letter was signed "James Gray." Judge Hatfield had considered three complaints filed by Gray and had dismissed two of them.

The FBI interviewed Gray at the Montana State Prison. Gray admitted writing and sending the letter in retaliation for Judge Hatfield's adverse rulings and reiterated his intent to kill Judge Hatfield.

Gray was indicted by a federal grand jury for threatening to kill a federal judge pursuant to 18 U.S.C. § 115. The indictment read:

That on or about the 12th day of August 1985, at Deer Lodge, in the state and District of Montana, JAMES EDWARD GRAY did knowingly and willfully [sic] threaten to murder The Honorable Paul G. Hatfield, a duly appointed United States District Judge for the District of Montana, with intent to intimidate or retaliate against Judge Hatfield on account of the performance of his official duties, in violation of Title 18 U.S.C. § 115(a).

Although the letter included threats to Judge Hatfield's family, the indictment is based solely on the threat to Judge Hatfield himself. The sufficiency of the indictment must be determined on that basis.

Gray pleaded not guilty. At trial, following impaneling of the jury, Gray moved for a judgment of acquittal on the basis that the indictment filed against him did not charge an offense. The motion was taken under advisement. He was convicted by the jury. Gray renewed his motion for judgment of acquittal arguing that 18 U.S.C. § 115(a) made it a crime to threaten *only* family members of federal officials, not the federal officials themselves. The motion was denied by the district court which treated the motion as a motion for acquittal under Fed.R.Crim.P. 29 and a motion for arrest of judgment under Fed.R. Crim.P. 34. Judgment of conviction was entered. Gray timely appealed his conviction and the order denying his motions for judgment of acquittal and arrest of judgment.

## II. DISCUSSION

### A. Statutory Construction—18 U.S.C. § 115(a)

Interpretation of a statute is a question of law reviewed *de novo*. *Trustees of Amalgamated Ins. Fund v. Geltman Industries*, 784 F.2d 926, 929 (9th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 90, 93 L.Ed.2d 42 (1986). The statute cited in the indictment, 18 U.S.C. § 115(a), reads as follows:

§ 115. Influencing, impeding, or retaliating against a Federal official by threatening or injuring a family member

(a) Whoever assaults, kidnaps, or murders, or attempts to kidnap or murder, or threatens to assault, kidnap or murder a member of the immediate family of a United States official, a United States judge, a Federal law enforcement officer, *or an official whose killing would be a crime under 18 U.S.C. 1114*, as amended, with intent to impede, intimidate, interfere with, or retaliate against such official, judge or law enforcement officer while he is engaged in or on account of the performance of his official duties, shall be punished as provided in subsection (b). (Emphasis added).

This statute has not previously been construed by an appellate court, making this a case of first impression.

The government argues, and the district court found, that the material emphasized above must be read in the disjunctive. *United States v. Gray*, 633 F.Supp. 1311, 1313 (D.Mont.1986). Under this interpretation, § 115 makes it a federal crime to either murder, kidnap or assault or threaten to murder, kidnap or assault a member of the immediate family of certain federal officials *"or"* to murder, kidnap or assault, or threaten to murder, kidnap or assault a federal official whose killing would be a crime under 18 U.S.C. § 1114. In other words, two classes of people are protected by § 115 under the district court's statutory interpretation. The first class consists

of the family members of specifically enumerated federal officials, including the family members of federal judges. The second class consists of those federal officials themselves who are protected from murder by § 1114 of Title 18, which includes federal judges.

The court's reasoning for adopting this interpretation was the belief that any other interpretation would lead to the illogical incongruity that § 115 would provide greater protection to the immediate family of the federal official than it would to the federal official himself. *Gray,* 633 F.Supp. at 1313.

■■■ The rules of statutory construction dictate that in construing a statute in a case of first impression, a court looks to traditional signposts of statutory construction: first, the language of the statute itself; and second, if necessary, the statute's legislative history. *See Brock v. Writers Guild of America, West, Inc.,* 762 F.2d 1349, 1353 (9th Cir.1985). When examining statutory language, the plain meaning of the words used is controlling, absent a clearly expressed legislative intention to the contrary. *Powell v. Tucson Air Museum Foundation of Pima,* 771 F.2d 1309, 1311 (9th Cir.1985).

■■ A statute's title may be helpful in interpreting ambiguities in the language of a statute: *Russ v. Wilkins,* 624 F.2d 914, 922 (9th Cir.), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1976, 68 L.Ed.2d 296 (1980). The title to § 115 is "Influencing, impeding or retaliating against a Federal official by threatening or injuring a family member." To the extent that the title only refers to threatening family members of a federal official, it indicates an intent to extend statutory protection only to that group.

Furthermore, we find, in our examination of the plain meaning of this statute's language, that the troublesome "or" is not a disjunctive word, but instead is merely a word linking the last item to a list of offered alternatives. Under this interpretation, it is a federal offense to murder,

kidnap or assault, or threaten to murder, kidnap or assault, a family member of any of the federal officials specifically mentioned, as well as the *family members* of the officials whose killing would be a crime under 18 U.S.C. § 1114. We do not read § 115 to protect § 1114 officials themselves. Furthermore, the district court's interpretation would have the unfortunate, and surely unintended, result of excluding the immediate family of those officials listed in 18 U.S.C. § 1114 from protection under 18 U.S.C. § 115. The district court's interpretation would extend § 115 protection to the § 1114 official himself while his family would not be protected.

The legislative history supports our interpretation. It indicates that § 115's scope does not extend to threats made directly to federal judges; rather its protection extends only to members of their immediate family.

The Committee [on the Judiciary] believes that serious crimes *against family members of* high level Federal officials, *Federal judges,* and Federal law enforcement officers, which are committed because of their relatives' jobs are, generally speaking, proper matters of Federal concern. Clearly it is a proper Federal function to respond to terrorists and other criminals who seek to influence the making of Federal policies and interfere with the administration of justice by attacking *close relatives* of those entrusted with these tasks.

Pub.Law No. 98–473, 1984 *U.S. Code Cong. & Admin.News* 3182, 3496 (Emphasis added). The legislative history also states that the subjects to be protected by this new statute are "member[s] of the immediate family of a United States official, *of a United States judge,* of a Federal law enforcement officer, or *of* an official listed under 18 U.S.C. § 1114." *Id.* at 3496–97. (Emphasis added). In fact, all discussion in the legislative history is specifically directed at the families of these federal officials

with no mention of protecting the officials themselves from direct attacks.[1]

The district court's interpretation of § 115 is based mainly on a desire to fill what is perceived to be a gap in the statutory protection afforded federal judges. The argument is that there are certain types of threats (i.e., verbal threats or written threats communicated by some method other than the mail) that may not be covered by any existing statute. Therefore, the district court interpreted § 115 in such a manner that this perceived gap is filled and federal judges are protected from all types of threats. But such threats fall within the proscription of 18 U.S.C. § 1503. That statute makes it a crime to influence, intimidate or injure an officer of any court of the United States.[2]

The question remains, therefore, whether the indictment, which is based on an erroneous statute, is fatally flawed.

### B. Sufficiency of Indictment

■ The sufficiency of an indictment is examined *de novo*. *United States v. Ben-*

*ny*, 786 F.2d 1410, 1414 (9th Cir.1986); *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir.1982), *cert. denied*, 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983). "An indictment must provide the defendant with a description of the charges against him in sufficient detail to enable him to prepare his defense and plead double jeopardy at a later prosecution." *United States v. Lane*, 765 F.2d 1376, 1380 (9th Cir.1985) (citing *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974)). To serve those purposes, "the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." *Lane*, 765 F.2d at 1380. *Accord Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 1046, 8 L.Ed.2d 240 (1962).

■ The indictment in the present case charges Gray with violating 18 U.S.C. § 115. However, the indictment does not allege any threat to Judge Hatfield's family. As we hold above, this is a necessary

---

**1.** The government argues that a footnote in the legislative history supports the district court's interpretation of this statute. The legislative history points out that § 115 "covers attacks on family members of all persons listed in 18 U.S.C. § 1114 as well as on family members of other law enforcement officers not there listed." 1985 *U.S.Code Cong. & Admin.News* 3496, 3497. Footnote 5, attached to this statement, states that "[t]his apparent anomaly which provides greater protection for family members of Federal employees than for the employees themselves is cured by Part K which would give the Attorney General the authority to add additional Federal employees to the list in 18 U.S.C. § 1114 as the need arises." *Id.*

The government argues that Congress's recognition of this anomaly shows a clear intention that § 1114 officials themselves are to be protected from threats. However, it is the very recognition of this anomaly (i.e., family members are provided greater protection than the officials themselves) which defeats the government's contention. Footnote 5 specifically indicates that family members of § 1114 officials are protected under § 115. The government does not argue that § 115 be interpreted to protect *both* family members of § 1114 officials *and* § 1114 officials themselves. They argue only that § 1114 officials are protected. Therefore, because both groups cannot be protected under the district court's interpretation and it is

quite clear that family members were intended to be included, the officials themselves are implicitly excluded. The footnote merely points out Congress's awareness of a problem and suggests a way to resolve it. It does not indicate that § 115 itself is to be used to protect the officials.

**2.** **§ 1503. Influencing or injuring officer or juror generally**

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assentèd to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

element of an offense charged under this statute. Therefore, the indictment is based on an erroneous statute. "While correct citation to the relevant statute is always desirable, both the Federal Rules and the cases interpreting them make it clear that an error or omission is not necessarily fatal." *United States v. Gordon,* 641 F.2d 1281, 1284 (9th Cir.), *cert. denied,* 454 U.S. 859, 102 S.Ct. 312, 70 L.Ed.2d 156 (1981). Rule 7(c)(3), Federal Rules of Criminal Procedure, provides that "error in the citation or its omission shall not be ground for dismissal of the indictment ... or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." For purposes of determining the sufficiency of an indictment, the statutory citation is not regarded as part of the indictment. *United States v. Pazsint,* 703 F.2d 420, 423 (9th Cir.1983); *United States v. Clark,* 416 F.2d 63, 64 (9th Cir.1969).

This is not a case of mere error in citation, however. The entire thrust of the prosecutor's case against Gray, and the eventual decision by the district court, were based on an attempt to charge him under their interpretation of 18 U.S.C. § 115. The question remains whether the indictment was nevertheless sufficient.

■ We find that the indictment was sufficient. The prosecutor had an open file policy. Although the indictment does not allege an offense under 18 U.S.C. § 115, it alleges an offense under 18 U.S.C. § 1503. That statute makes it a crime for anyone "corruptly ... or by threats or force, or by any threatening letter or communication, [to] endeavor [ ] to influence, intimidate, or impede any ... officer in or of any court of the United States...." A federal judge is an officer of the court within the meaning of section 1503. *United States v. Margoles,* 294 F.2d 371, 373 (7th Cir.), *cert. denied,* 368 U.S. 930, 82 S.Ct. 367, 7 L.Ed.2d 193 (1961). The indictment, in charging that defendant knowingly threatened to murder Judge Hatfield, with intent to intimidate or retaliate against him on account of the performance of his official duties, clearly stated an offense under section 1503. Gray was not prejudiced in the defense of his case by the citation of the wrong statute in the indictment.

The district court's denial of the motions to dismiss, for acquittal, and for arrest of judgment is

AFFIRMED.