UNITED STATES of America

v.

Kurt Douglas RAYMER.

Crim. No. J87–00072(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

June 9, 1988.

Ruth R. Harris, Asst. U.S. Atty., Jackson, Miss., for plaintiff.

John M. Colette, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

The Court has before it Defendant's Motion to Dismiss three counts of a four count indictment brought under 18 U.S.C. § 115, which makes it a crime to threaten certain federal officials.[1] Defendant urges that the threats on which the challenged counts are based do not come within the ambit of the statute because the threatened official retired from his federal post before those threats were made. For the reasons set forth below, the Court holds that Section 115 does apply.

Defendant Raymer was indicted on four counts under Section 115 for alleged threats made against a United States Probation Officer, who is an official covered by 18 U.S.C. § 1114 and therefore by § 115. The threats to murder the officer were in the form of letters mailed on December 1, 1986, January 29 or 30, 1987, February 3, 1987, and February 20, 1987. Each letter constituted the basis for one of the Counts of the indictment. The officer was still in active service when he received the letter from Defendant dated December 1, 1986. The officer retired, however, on December 30, 1986. The other letters which threatened him were mailed after his retirement date. The Defendant argues that he may only be tried under Count 1; but not under Counts 2, 3 and 4 because once the officer retired he was taken out of the purview of 18 U.S.C. § 115.

The only case found by the Court which interprets Section 115 is *United States v. Gray*, 809 F.2d 579 (9th Cir.1987), but it

1. Section 115 provides:
   Whoever assaults, kidnaps, or murders, or attempts to kidnap or murder, or threatens to assault, kidnap or murder a member of the immediate family of a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under section 1114 of this title, or threatens to assault, kidnap, or murder, a United States official, a United States

   judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section, with intent to impede, intimidate, interfere with, or retaliate against such official, judge or law enforcement officer while engaged in or on account of the performance of official duties, shall be punished as provided in subsection (b).
   18 U.S.C. § 115(a).

does not address the issue involved in the case *sub judice.*

Section 115(a) provides that whoever "threatens to assault, kidnap, or murder ... an official whose killing would be a crime under such section [18 U.S.C. § 1114] with intent to ... retaliate against such official ... on account of the performance of official duties, shall be punished as provided in sub-section (b)." The Court finds that the essence of Section 115 is to protect persons who could be threatened or killed because of the performance of their official duties. The plain language of the section covers any threats made in retaliation for acts taken by an official in the course of his official duties even though the official has retired from duty before the threats are made. The reading urged by Defendant would open a significant opportunity to "retaliate" against officials despite the plain intent of the statute to protect them from retaliation as well as coercion.

The Court finds that Counts 2, 3 and 4 of the indictment against Defendant Raymer are sufficient to state violations under 18 U.S.C. § 115, and the Defendant's motion to dismiss these counts is denied.