**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**PETERU LUAVASA TAUALA, Defendant**

High Court of American Samoa
Trial Division

CR No. 25-93

March 25, 1994

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Henry W. Kappel, Assistant Attorney General
For Defendant, Charles V. Ala'ilima

Order Denying Motions For Judgment of Acquittal:

PROCEDURAL HISTORY

On March 10, 1994, defendant was convicted by the verdicts of the jury of four counts of stealing (A.S.C.A. § 46.4103) and four counts of embezzlement (A.S.C.A. § 46.4104) and renewed his motions for a judgment of acquittal on all eight counts. He filed his "Memorandum in Support of Motions for Judgment of Acquittal" on March 14, 1994, and the Government's response was filed on March 17, 1994. On March 22, 1994, a hearing was held on defendant's motions.

## STANDARD OF REVIEW

 After the jury returns a guilty verdict, a defendant may move that the court set aside the verdict and enter a judgment of acquittal. T.C.R.Cr.P. Rule 29(c). In considering a motion for acquittal, a trial court must "determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987) (internal citation omitted) (citing *United States v. Brand*, 775 F.2d 1460 (11th Cir. 1985); *United States v. Cole*, 755 F.2d 748 (11th Cir. 1985)); *see also United States v. Dreitzler*, 577 F.2d 539, 545 (9th Cir. 1978) (citing *United States v. Figueroa-Paz*, 468 F.2d 1055, 1058 (9th Cir. 1972)), *cert. denied* 440 U.S. 921. Indeed, the trial court is to keep in mind that "it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts." *Dreitzler*, 577 F.2d at 545 (quoting *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977)).

## DISCUSSION

 Under the embezzlement statute, a "person commits the crime of embezzlement if he knowingly misappropriates property of another which has been entrusted to him or which has lawfully come under his control." A.S.C.A. § 46.4104(a). For purposes of this prosecution, a "person commits the crime of stealing if he appropriates property . . . of another with the purpose to deprive him of it, . . . by means of deceit." A.S.C.A. § 46.4103(a). Embezzlement is a class C felony, as is stealing property valued at $100 or more. A.S.C.A. §§ 46.4104(b); 46.4103(b)(1). Sufficient evidence existed for the jury to find that defendant "misappropriated" and "appropriated" the Government's TAOA vouchers.

■ As for defendant's assertion that the vouchers did not have any value, this is incorrect. "'Property' means anything of value, whether real or personal, tangible or intangible . . . ." A.S.C.A. § 46.4101(j). Normally, "value" is determined by the market value of the thing taken at the time and place of the crime. A.S.C.A. § 46.4102(a). However, when the thing taken is an instrument evidencing debt (e.g., a check, draft, or promissory note--or a TAOA voucher), that value is the amount due or collectible on it. *See* A.S.C.A. § 46.4102(b)(1); *see also United States v. Bauer*, 713 F.2d 71, 73 (4th Cir. 1983) (rejecting argument that since stolen U.S. Savings Bonds had been replaced, they had no value, defined by 18 U.S.C. § 641 as "face, par, or market value, or cost price, either wholesale or retail, whichever is greater"). Defendant's arrangements to exchange the vouchers for cash and later authorizing the territorial treasury's reimbursement of the vouchers held by the stores demonstrate that the vouchers have value. *See Bauer*, 713 F.2d at 73 (defendant's "expectation that he could sell the [savings] bonds, and his attempt to do so . . . belie the contention that they were without value or were worth not more than $100").

## CONCLUSION

Viewing the evidence in the light most favorable to the Government, this court finds that ample evidence supported the jury's factual findings. Defendant engaged in "appropriating" and "misappropriating" the TAOA vouchers, which have a cash value of $100 or more at the time and place of each crime charged, in violation of the statutes defining embezzlement and stealing. Therefore, defendant's motions for a judgment of acquittal on each of the eight counts are denied.

It is so ordered.