### STENZEL v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 5, 1919.)

No. 5308.

1. CRIMINAL LAW ⬩1170(1)—HARMLESS ERROR IN REJECTION OF EVIDENCE.

In a prosecution for violation of the Espionage Act of June 15, 1917, where defendant claimed that at the time he made the alleged attack on the government he was too intoxicated to have any criminal intent, the refusal of the court to allow a witness to answer the question whether he had heard defendant previously attack the government was harmless, for at best the question would have produced purely negative evidence of a general character.

2. CRIMINAL LAW ⬩371(1)—EVIDENCE OF OTHER OFFENSES; ESPIONAGE ACT.

In a prosecution under Espionage Act for language charged to have been uttered in January, 1918, testimony as to defendant's previous disloyal utterances is admissible on the question of intent, it being defendant's claim that at the time of uttering the language made basis of a prosecution he was too intoxicated to have any unlawful intent.

3. CRIMINAL LAW ⬩1170(1)—WITNESSES ⬩374(1)—HARMLESS ERROR; STRIKING OF TESTIMONY SHOWING BIAS.

Where defendant introduced evidence that a hostile witness owed him $5, which he had refused to pay, despite repeated requests, the action of the court in striking such evidence, which could only tend in a slight way to show bias on the part of the witness, was error, but of too little importance to be seriously considered.

4. ARMY AND NAVY ⬩40—INTENT; JURY QUESTION IN PROSECUTION UNDER ESPIONAGE ACT.

In a prosecution under the Espionage Act, where defendant, who was charged with having uttered language tending to obstruct the enlistment service and to cause insubordination, disloyalty, and refusal of duty in the military forces, offered evidence that he was so drunk at the time he

---

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

did not know what he was saying, the question whether defendant was capable, at the time of the utterance, of entertaining the specific criminal intent required by the Espionage Act, should be submitted to the jury, and charges withdrawing that question are erroneous.

In Error to the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Bernard Stenzel was convicted of violating the Espionage Act of June 15, 1917, and he brings error. Reversed.

A. B. Lovejoy, of Waterloo, Iowa, for plaintiff in error.

F. A. O'Connor, U. S. Atty., of Dubuque, Iowa, and Seth Thomas, Asst. U. S. Atty., of Fort Dodge, Iowa.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

STONE, Circuit Judge. From conviction for violation of Espionage Act June 15, 1917, c. 30, 40 Stat. 217, the defendant brings his writ of error. The indictment was in two counts, based upon the same language, charged to have been uttered January 28, 1918. The first count charged obstruction of the enlistment service; the second, actual and attempted causation of insubordination, disloyalty, and refusal of duty in the military forces. The theory of the defense was that the defendant was so intoxicated that he was incapable of entertaining the necessary criminal intent.

Stenzel relies here upon seven assigned errors. One assignment is a claimed abuse of judicial discretion in denying the application of accused for a continuance. The motion is not in the record, and the record is so meager that we cannot say whether or not the assignment is well taken. The contention is, however, unimportant, since the judgment must be reversed for other reasons.

[1] Another assignment is that witness Hettindorf, on objection, was not permitted to answer the question, "Did you ever hear him [defendant] make any remarks against this government before that time?" If there was any error in this ruling, it was harmless to defendant, since the most favorable answer to him would have produced purely negative evidence of a general character.

[2] Two other assignments object to the reception of the evidence of witnesses Rice and Cullinane as to disloyal utterances of defendant in November and October, 1917, respectively. This testimony bore upon the intent of defendant and was clearly admissible.

[3] Another assignment was the striking out by the court, on motion, of evidence by defendant that a hostile witness, Cullinane, owed him $5, which he had refused to pay, though asked for it a number of times. This was error, but of too little importance to be seriously considered. Its only tendency would be, in a rather slight way, to show bias on the part of Cullinane.

[4] The other two assignments deal with portions of the charge, and will be considered together, as they raise the same point. These parts of the charge are:

"Now, it is claimed that this man was intoxicated. I need not say to you that a defendant, who has committed an offense or crime, cannot plead intoxication to defeat the consequences of his crime; it might be shown in miti-

gation of damages, but it cannot be considered rightly as a defense; at most it might be a circumstance in mitigation, but this is for the court to find."

"I don't know as there is anything further that I can say to you. The questions for you to determine are confined within a narrow compass. Did the defendant make these statements with which he is charged in these two counts of the indictment? If he did so make them, say so by your verdict. If he did not do so, and did not make them with the intent and purpose stated, discharge him."

These quotations, which followed each other in the above order in the charge, were preceded by the following:

"It has been stated in behalf of defendant that the proof must show that his alleged words were willfully, maliciously, and intentionally said by him. 'Willfully,' as used in the Espionage Act, means 'with an unlawful purpose, done with intent to do the acts that are forbidden by this statute.' It is for you to say for what purpose these statements were made by the defendant, if you find they were made by him. Ordinarily a man is presumed to intend the natural and probable consequences of his own deliberate statements or acts, and the only way, in most cases, that you can determine what a man's intentions and purposes are, would be from such statements deliberately made."

These quotations contain those parts of the charge which deal with the matter of intoxication. While there was conflict in the evidence as to the fact or degree of intoxication at the time of the alleged statements by Stenzel, yet there was distinct and positive evidence that Stenzel was so drunk at that time that he did not know what he was saying. In this state of the evidence he was entitled to have the jury pass upon the question of whether or not he was at the time so drunk that he was incapable of entertaining the specific criminal intent required by the Espionage Act. Hopt v. People, 104 U. S. 631, 26 L. Ed. 873; Tucker v. U. S., 151 U. S. 164, 169, 14 Sup. Ct. 299, 38 L. Ed. 112; Winston v. U. S., 172 U. S. 303, 311, 19 Sup. Ct. 212, 43 L. Ed. 456; 8 R. C. L. 131; 16 C. J. 107. Obviously the court denied him this right, thus depriving him of the only defense he was seriously presenting.

The judgment is reversed.