974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter KUYPER and Edmund Boragno, et. al., Plaintiffs-Appellants,
v.
James PARKS, individually, and Parks, Palmer, Turner and
Yemenidjian, Defendants-Appellees.
 No. 91-55572.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1992.*
Decided Sept. 4, 1992.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV-90-5169 WJR; William J. Rea, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before SNEED and D.W. NELSON, Circuit Judges, and WANGER** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 In this securities fraud action, two plaintiffs, Peter Kuyper and Edmund Boragno, appeal from the District Court's dismissal with prejudice of their second amended complaint for failure to plead fraud with specificity and failure to state claims. Five counts remain at issue: violations of RICO, common law fraud, professional negligence, violations of § 771(2) (12-2) of the Securities Act of 1933, and violations of § 78j(b) (10b-5) Securities Act of 1934. Plaintiffs do not appeal dismissal of Count II for breach of fiduciary duty.
 
 I. PROCEDURAL HISTORY
 
 7
 Appellants, investors in tax shelter limited partnerships, filed their original complaint on September 25, 1990, and a first amended complaint on October 24, 1990 adding James R. Parks as an individual defendant. On December 10, 1990, Judge Rea dismissed the first amended complaint with prejudice as to Peter Sprecher and Braeridge Development Corporation[1] ("Braeridge"), and as to the remaining defendants dismissed the first amended complaint. A second amended complaint filed January 17, 1991, named only James Parks and PPTY as defendants. Judge Rea dismissed the second amended complaint[2] on March 26, 1991. Appellants' timely appeal followed. Appellants then moved the District Court to clarify the basis of the dismissal pursuant to F.R.App.P. 10(e). Judge Rea's October 16, 1991, order clarified his previous dismissal order.
 
 
 8
 A dismissal on statute of limitations grounds presents a question of law reviewed de novo. Donoghue v. Orange County, 848 F.2d 926, 929 (9th Cir.1987). Review of a dismissal for failure to state a claim is de novo and the allegations of the complaint are accepted as true, drawing all reasonable inferences in favor of the nonmoving party. Woodrum v. Woodward County, 866 F.2d 1121, 1124 (9th Cir.1989). The Court may affirm a district court's correct legal result even if reached for an invalid reason. Moore v. Kayport Package Exp. Inc., 885 F.2d 531, 541 (9th Cir.1989).
 
 II. DISCUSSION
 Statute of Limitations
 
 9
 The District Court found that after an order to do so appellants did not plead the dates they invested; in which partnerships they invested; when and from whom the appellants received copies of an offering Memorandum; the time and place of misrepresentations; the date appellants first learned of problems about which they complain; the date appellants discovered the alleged wrongful conduct so as to establish compliance with the statute of limitations. (Supp.Order at 2-3)[3] The District Court also noted appellants' failure to comply with the Court's directive to file a timely motion in the Azarnoff case[4] concerning their "opt out" status from that related class action.
 
 
 10
 Paragraph 39 of the Complaint alleges Braeridge held a meeting in November of 1986 to discuss the partnerships, followed by the filing of the Azarnoff complaint in December, 1986. Judge Rea approved a class settlement in Azarnoff on April 30, 1990. Plaintiffs opted out. The Azarnoff litigation tolled the statute of limitations for defendants named in that action from December 12, 1986, when the case was filed, to March 16, 1990, the last day class members could opt out. See Crown Cork & Seal Co. v. Parker, 462 U.S. 345, 354, 103 S.Ct. 2392, 2397, 76 L.Ed. 628 (1983); Tosti v. City of Los Angeles, 754 F.2d 1485, 1488 (9th Cir.1985) (statute begins to run when class member exercises the right to opt out).
 
 
 11
 James Parks was never a defendant in the Azarnoff case. Tolling does not apply to Mr. Parks in his individual capacity. Appellants' argument that because Mr. Parks was President of Braeridge, a corporation which was a defendant in Azarnoff, and "participated in that litigation," "the Complaint in this case should be considered as an amendment to the Azarnoff complaint pursuant to F.R.C.P. 15(c)" is unavailing. Martell v. Trilogy Ltd., 872 F.2d 322, 323-325 (9th Cir.1989) is inapposite. Rule 15 requires that an amendment be made to add a party to an existing lawsuit. Filing a second separate lawsuit does not amend a complaint in a prior lawsuit. The case against Mr. Parks is time-barred.
 
 
 12
 The District Court dismissed all fraud based claims including RICO, breach of fiduciary duty,[5] common law fraud, and the two Securities Acts violations, 10b-5 and 12(2) for failure to allege the time, place and manner of any alleged misrepresentations in violation of F.R.C.P. Rule 9(b).
 
 
 13
 Plaintiffs/appellants seek to apply the relaxed pleading standard enunciated in Wool v. Tandem, 818 F.2d 1429, 1439 (9th Cir.1988) permitted for "matters peculiarly within the opposing party's knowledge;" however, the exception, which permits information and belief pleading in cases of "corporate fraud" only arises when defendants are "a narrowly defined group of officers who had direct involvement not only in the day-to-day affairs of and financial statements of a corporation. Id. at 1440. PPTY, a partnership, does not qualify for this exception.
 
 Count I--RICO
 
 14
 The Rule 9(b) requirements apply to RICO claims. Schreiber Distrib. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400 (9th Cir.1986). Allegations of mail fraud under § 1962(a)-1962(c) "must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme." Moore v. Kayport Package Exp. Inc., 885 F.2d 531, 541 (9th Cir.1989) (quoting Lewis v. Sporck, 612 F.Supp. 1316, 1324 (D.C.Cal.1985).
 
 
 15
 As in Schreiber Distributing, 806 F.2d at 1401, appellants fail to allege the specific time, place and manner for any instance of mail fraud and do not mention any mailings by the current defendants, Parks and PPTY. Appellants ignored the trial court's prior order to amend to specifically allege facts underlying the RICO claim. The RICO claim was properly dismissed.
 
 Count III--Common Law Fraud
 
 16
 Even if appellants' common law fraud claims were held to satisfy Rule 9(b), the District Court did not err in dismissing, because their fraud claim was negated by factual information now a part of the complaint by virtue of the incorporation by reference of the Private Placement Memorandum.
 
 
 17
 In the Private Placement Memorandum PPTY and Parks explained that investors should not rely upon its Examples. On Page 32 the Memorandum warned investors in boldface that the Example "has not been reviewed or passed upon by any persons other than Budget, Braeridge and Ultrafurn," that the partnership does not warrant that the predicted results will be achieved, and "actual results could substantially differ from those depicted" due to various economic factors. The disclaimer also warns that "No purchaser should rely solely upon this example in evaluating the economics of this transaction."[6] On page 2 of the Memorandum extensive warnings advise against any reliance on the Memorandum.
 
 
 18
 Appellants are not entitled to a presumption of reliance for common law fraud and must allege facts showing actual and justifiable reliance on the alleged misrepresentations. Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 964 (9th Cir.1990) (citing Cortex v. Weymouth, 235 Cal.App.2d 140, 45 Cal.Rptr. 63, 69 (1965). See also, In Re 3COM Securities Litigation, 761 F.Supp. 1411, 1419 (N.D.Cal.1990) (citing Wilhelm v. Pray, Price, Williams & Russell, 186 Cal.App.3d 1324, 1332, 231 Cal.Rptr. 355 (1986). Appellants' only allegations of pre-investment representations are the examples from the Memorandum. No other misstatements, whether oral or written by Parks or PPTY are alleged. Justifiable reliance cannot be alleged as a matter of law. See, In Re Convergent Technologies Securities Lit., 948 F.2d 507 (9th Cir.1991) (similar offering memorandum disclaimers negated justifiable reliance in a 10b-5 claim). McGonigle v. Combs, --- F.2d ----, (9th Cir.1992) 92 D.A.R. 1, L.A.D.J. June 24, 1992, p. 8578.
 
 
 19
 Appellants do not allege that they were told not to read or to otherwise ignore the disclaimers. Nor did they allege any conduct by these defendants that prevented their own independent inquiry into the risks and potentially adverse ramifications of the investment.
 
 
 20
 The trial judge gave appellants an opportunity to correct and make the complaint more specific. Appellants continued to ignore the court's direction. The common law fraud claim was properly dismissed.
 
 Count V--Securities Act of 1933 § 12(2)
 
 21
 The complaint does not allege Parks or PPTY are sellers of securities. Moore v. Kayport Package Exp. Inc., 885 F.2d 531 (9th Cir.1989), limits potential liability of Parks and PPTY for false statements in violation of § 12(2) of the 1933 Securities Act to controlling persons. In Pinter v. Dahl, 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988) the Supreme Court limited liability under § 12(1) to those who solicit a purchase not those who "merely assist another's solicitation efforts." Pinter, 486 U.S. at 651, n. 27.
 
 
 22
 PPTY is not a "controlling person" pursuant to 15 U.S.C. § 770. Appellants cannot allege facts showing that PPTY is an individual defendant that had the power to control or influence the company. PPTY is not an individual. Wool, 818 F.2d at 1440-41.
 
 
 23
 The § 12(2) claim against Parks was not made until 1990, more than one year after discovery in 1986, and is therefore time barred. 15 U.S.C. § 77m It is irrelevant that § 12(2) does not require reliance. Smolen, 921 F.2d at 965.
 
 
 24
 Count VI--Securities Act of 1934, Rule 10b-5
 
 
 25
 To sustain a 10b-5 claim, plaintiffs must allege that defendant was (1) a principal violator; (2) a "controlling person" of a principal violator; or (3) an aider and abettor of a principal violator. Jett v. Sunderman, 840 F.2d 1487, 1495 (9th Cir.1988). Moreover, plaintiff must allege that defendant was either (1) actually involved in the preparation and dissemination of material containing misrepresentations or misleading statements or (2) failed to disclose material facts where the defendant had a duty to disclose. Jett, 840 F.2d at 1492; Smolen, 921 F.2d at 963. Appellants do not allege material omissions, but rather allege that defendants included false statements in the Memorandum. Appellants may not, therefore, receive the benefit of presumed reliance. Affiliated Ute Citizens v. U.S., 406 U.S. 128, 153-54, 92 S.Ct. 1456, 1472 (1972). Reliance upon the misrepresentations in entering into the transaction that caused the harm is required. Smolen, 921 F.2d at 963 (citations omitted). As discussed above, Memorandum disclaimers negate reliance as a matter of law. In Re Convergent Technologies Securities Lit., 948 F.2d 507 (9th Cir.1991).
 
 
 26
 Applying California's three year statute of limitations, the 10b-5 claim is time barred as to Parks. (Securities Act of 1934 § 27(a); Stitt v. Williams, 919 F.2d 516, 522 (9th Cir.1990). PPTY is not a controlling person. Wool, 818 F.2d at 1439. Finally, the complaint alleges that only the Private Placement Memorandum was used in connection with the purchase and sale of a security. That claim is barred by lack of reliance. Collateral fraud not in connection with the purchase or sale of a security does not give rise to a 10b-5 claim. In Re Financial Corp of America Shareholder Lit., 796 F.2d 1126 (9th Cir.1986).
 
 
 27
 The dismissal of the complaint is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Ninth Circuit R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Oliver W. Wanger, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Plaintiffs allege that Parks, Palmer, Turner and Yemenidjian, a partnership (PPTY), was the alter ego of Braeridge and was therefore charged with knowledge of Braeridge. However, appellants waived the alter ego argument on appeal
 
 
 [2]
 All references to the "complaint" are to the second amended complaint, unless otherwise specified
 
 
 [3]
 Plaintiffs did allege which partnerships they invested in. (Complaint pp 2-6)
 
 
 [4]
 Azarnoff et. al. v. Ultrafurn, Inc., et. al., No. 86-8132 WJR (C.D.Cal.)
 
 
 [5]
 Appellants do not challenge the dismissal of the breach of fiduciary duty claim (Count II). (Appellants Brief at 48)
 
 
 [6]
 Appellees also make extensive reference to warnings in a letter from PPTY to the management of Budget and Ultrafurn disclaiming the predictive ability of the examples. It is unclear, however, 1) Why the court should consider this letter in reviewing a dismissal on the face of the pleadings and 2) how this letter could have influenced the investors because it was sent from PPTY to Braeridge and Budget