**UNITED STATES of America, Plaintiff,**

v.

**Martin J. COTE, Defendant.**

**CR No. 90–94–MA.**

United States District Court, D. Oregon.

March 18, 1996.

Kristine Olson, United States Attorney, District of Oregon, Kent Robinson, Assistant U.S. Attorney, Andrew Kahl and Blake Stamm, Trial Attorneys, U.S. Department of Justice, Portland, OR, for Plaintiff.

Stephen Sady, Chief Deputy Federal Public Defender, Portland, OR, for Defendant.

## OPINION & ORDER

MARSH, District Judge.

In 1991, defendant Martin J. Cote was convicted of conspiring to defraud the government in violation of 18 U.S.C. § 371. The government's theory at trial was that the defendant and others set up an alternative warehouse banking system known as "NCE" for the purpose of providing members with a means by which they could conduct untraceable financial transactions and thereby impair and impede the IRS' ability to assess taxes. On March 18, 1993, the Ninth Circuit Court of Appeals reversed all defendants' convic-

tions on the basis that the jury instructions failed to allege an essential element of the offense, namely that the agreement to obstruct the IRS' functions was carried out by "deceitful or dishonest means." *United States v. Caldwell*, 989 F.2d 1056, 1059–61 (9th Cir.1993).

Based upon the express language of the mandate as well as language indicating that the court found that the government had failed to prove its case, I thereafter denied the government's motion to set the case for a re-trial. This ruling was appealed and reversed by a separate panel of the Ninth Circuit on June 2, 1995. *United States v. Cote*, 51 F.3d 178 (9th Cir.1995). The case was remanded for retrial.

Defendant now seeks to re-raise several motions denied prior to the first trial, to dismiss for an alleged violation of the double jeopardy clause and to dismiss the indictment on grounds that it fails to allege an essential element of the offense—i.e., the same error presented to the trial jury was also presented to the Grand Jury which issued the indictment. On February 12, 1996, I granted defendant's motion to produce Grand Jury records of any government instructions to the Grand Jury about the law and elements of the offense. I found that defendant had demonstrated a particularized need for such production based upon the nature of the error relative to the government's theory of the prosecution. Those materials have been produced and supplemental briefing submitted.[1] For the reasons which follow, defendant's motion to dismiss the indictment for failure to allege an essential element is granted, his motion to dismiss on double jeopardy grounds is denied and all other pending motions are now moot.

## DISCUSSION

### a. *Motion to Dismiss the Indictment on Double Jeopardy Grounds*

Defendant contends that the evidence adduced at the first trial was insufficient and thus a retrial would violate the Constitution's prohibition against double jeopardy. Although the Court of Appeals did not specifically address this issue in *Caldwell* or *Cote*, the second panel could not have construed the mandate as it did if it accepted defendant's double jeopardy argument. Based upon the court's second mandate, I find that a retrial is not barred by the double jeopardy clause.

### b. *Motion to Dismiss the Indictment for Failure to Allege an Essential Element of the Offense*

■ An indictment must include all of the essential elements of the crime. *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir.1993). This requirement is designed to provide fair notice to the defendant of the charge against him. *Lincoln v. Sunn*, 807 F.2d 805, 812 (9th Cir.1987). Failure to specify all elements of the offense in an indictment "generally constitutes a fatal defect." *United States v. Keith*, 605 F.2d 462, 464 (9th Cir.1979). That there may have been facts presented to the grand jury which would have supported a finding of the missing element will not cure the defect. *United States v. Kurka*, 818 F.2d 1427, 1428 (9th Cir.1987). However, review of an indictment must not be overly technical. The indictment must be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *Blinder*, 10 F.3d at 1471. An erroneous grand jury instruction will not automatically invalidate an otherwise proper grand jury indictment. *United States v. Wright*, 667 F.2d 793, 796 (9th Cir.1982).

The government contends that the indictment is sufficient because the "deceitful or dishonest means" element is merely a definition of the term "defraud." The government further argues in the alternative that even if the precise element is missing, I should consider that certain factual allegations included in the indictment regarding the use of false names and false social security numbers may cure the defect.

---

1. Because the government filed its response to defendant's supplemental memo six days earlier than ordered, this decision is issued prior to the originally scheduled March 22, 1996 under advisement date.

I begin my analysis with the language of the statute itself which provides in pertinent part as follows:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one of more of such persons do any act to effect the object of the conspiracy, each shall be find under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371.

I then lay the statute against the indictment and the Ninth Circuit's holding in *Caldwell*, 989 F.2d at 1059–61.

Paragraph 1 of the indictment charges that the defendant and others did:

> "unlawfully, willfully and knowingly, conspire, combine, confederate and join together, and with other individuals both known and unknown to the grand jury, to defraud the United States by impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of federal income taxes."

The indictment then describes the parties, persons and entities involved and explains that the object of the conspiracy was to "defraud the United States by impeding, impairing, obstructing and defeating the lawful functions of the (IRS)." The next section describes the "manner and means" of the conspiracy including the use of numbered bank accounts, check cashing and the failure to maintain account records. The final section lists 61 overt acts allegedly taken in furtherance of the conspiracy. These acts include meetings regarding the establishment of an NCE warehouse bank, and account activity which included the use of false social security numbers, false employer identification numbers and false names.

In *Caldwell*, the court held that there are four elements required to sustain a conviction under § 371: (1) entry into an agreement; (2) to obstruct a lawful government function; (3) by deceitful or dishonest means and (4) at least one overt act in furtherance of the conspiracy. 989 F.2d at 1059, *citing Hammerschmidt v. United States*, 265 U.S. 182, 44 S.Ct. 511, 68 L.Ed. 968 (1924) and *United States v. Boone*, 951 F.2d 1526 (9th Cir.1991).[2] According to Judge Kozinski, the government's theory of the prosecution, reflected in the court's instructions, was erroneous because it "eliminate(d) element (3) altogether." *Id.*

The jury instruction which the court identified as the crux of the error used the language from paragraph 1 of the indictment verbatim. In a footnote, the court further explained that the use of the word "defraud" was no substitute for the deceit/dishonesty element since the jury might have (erroneously) thought that a conviction could be premised upon a finding that the defendants intended to defraud the IRS *by* impairing or impeding its lawful functions. *Id.*, at 1060, n. 8.

Although the defendants raised numerous motions to dismiss the indictment prior to the first trial, neither Ninth Circuit

---

**2.** Although *Hammerschmidt* did not specifically enunciate a four-part test, the Court ordered the dismissal of a § 371 indictment against individuals who circulated handbills encouraging violation of Selective Service laws, rejecting the government's theory that "mere open defiance" of the law could constitute a conspiracy to defraud. *Id.*, at 189, 44 S.Ct. at 512. Chief Justice Taft held that "[t]o conspire to defraud the United States means primarily to cheat the government out of property or money, but it also means to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery, or at least by means that are dishonest." 265 U.S. at 188, 44 S.Ct. at 512.

The Ninth Circuit's citation to *Boone* is a mystery. The elements of a § 371 conspiracy set forth in Boone track the elements of the Ninth Circuit model instruction on conspiracy which also tracks the instructions given in this case. *Boone* says nothing about the deceitful or dishonest means element set forth as factor #3 in *Caldwell*. Further, the Ninth Circuit's *Tuohey* case also cited in *Caldwell*, refers to "three elements" necessary to establish a § 371 conspiracy. *United States v. Tuohey*, 867 F.2d 534, 537 (9th Cir.1989). In *Tuohey*, not only did the court make no mention of the dishonest or deceitful means element, but the court described § 371 as a statute which "criminalizes *any* willful impairment of a legitimate function of government, whether or not the improper acts of objective are criminal under another statute." *Id.*, at 537 (emphasis in original).

decision directly addresses the adequacy of the indictment in light of the government's failure to allege the third deceitful or dishonest means element of the offense. Being constrained by *Caldwell*, I find that the indictment is invalid on its face because it fails to allege an essential element of the offense. Although the indictment uses the term "defraud," it does so in the same manner presented at trial, eliminating the deceitful or dishonest means element. This, the appellate court found is deficient. Reviewing the indictment as a whole, I find that the grand jury may well have issued the indictment upon the erroneous assumption that any attempt to impair or impede the IRS could constitute an attempt to defraud the IRS. The fact that the indictment refers to a few acts which might satisfy the deceitful or dishonest means element cannot cure the defect under *Kurka* and *Keith*.

■ Having found that the indictment fails to allege an essential element of the offense charged, I must then determine the appropriate form of relief. In this task, I am guided by the Supreme Court's decision in *Hammerschmidt*, 265 U.S. 182, 44 S.Ct. 511, and the Ninth Circuit's decision in *Kurka*, 818 F.2d 1427.

In *Hammerschmidt*, the Court held that the indictment charging selective service protesters with a violation of § 371 should have been quashed because the conspiracy charged did not involve dishonesty or deceit. The Court was not presented with and thus did not address the question of whether there was nevertheless evidence before the jury or grand jury to sustain the missing element.

In *Kurka*, defendant was convicted of having damaged a motor vehicle in interstate commerce with reckless disregard for human life. The statute, like the statute here, encompassed two different mens rea standards: a "willful" intent to endanger a person with "reckless disregard" for human life.[3] The Ninth Circuit answered this question in *Kurka:*

"[I]t is fatal to a conviction if all of the elements of a crime have not been charged and the jury instructed on those elements, regardless of the proof adduced. Thus, if 'willful' damage to the vehicle is an essential element of the crime, then it was essential that both the indictment and the jury instructions included that element."

818 F.2d at 1428. The court concluded that the failure to include the term "willful" in the indictment rendered the indictment "constitutionally defective," and the defect was not saved either by citation to the statute or the presence of facts to support a finding of willfulness. *Id.,* at 1431.

In this case, the indictment fails to charge the defendant with the third "deceitful or dishonest means" element of an offense under § 371 as defined by *Caldwell*. The government's argument that the missing element is merely definitional and covered by the use of the term "defraud" is precluded under the Ninth Circuit's express finding in *Caldwell*. Under *Hammerschmidt* and *Kurka* such an error renders the indictment constitutionally defective and mandates dismissal.

Although not an independent basis for dismissal, I find that the prosecution's error was compounded by the instructions given to the grand jury. *See United States v. Larrazolo*, 869 F.2d 1354, 1358–59 (9th Cir.1989) (dismissal for erroneous instructions permissible only where prosecution's conduct is "flagrantly" misleading or causes actual prejudice to defendant). The prosecution's grand jury instructions reflect the same theory that the Ninth Circuit held was erroneously presented at trial—since the court held that the outcome of trial might have differed but for the misleading error, I reach the inescapable conclusion that the grand jury might not have issued the indictment but for the same misleading error. Under these circumstances, I find that the government's erroneous theory of the prosecution caused the defendant actual prejudice.

Based on the foregoing, defendant's motion to dismiss the indictment for failure to allege

---

**3.** Compare with § 371: to "defraud in any manner and for any purpose" plus the requirement

that the conspiracy must be to defraud by "deceitful or dishonest means."

an essential element of the offense is granted.

CONCLUSION

In resolving the issues with this motion I have strived to remain consistent with the two mandates of the Ninth Circuit. In this effort, I find it impossible to retry this case when the error found by the Ninth Circuit in the jury instructions had its genesis in the indictment. Based on the foregoing, I find that the instant prosecution is not barred by the double jeopardy clause but the indictment is constitutionally defective. Accordingly, defendant's motion to dismiss the indictment on double jeopardy grounds (# 496) is DENIED; defendant's motion to dismiss the indictment for failure to allege an essential element of the offense (# 495) is GRANTED and all other pending motions are MOOT.

IT IS SO ORDERED.